UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| LARRY BUTTS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-14216 |
| EXETER FINANCE, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes LARRY BUTTS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EXETER FINANCE, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

**PARTIES**

4.   Plaintiff is a 62 year-old natural "person," as defined by 47 U.S.C. §153(39), residing at 19320 Greenfield Road, Apartment 111, Detroit, Michigan, which lies within the Eastern District of Michigan.

5.   Defendant is a specialty automobile finance company with a headquarters located at 222 Las Colinas Boulevard West, Suite 1800, Irving, Texas.  Defendant issues and services loans to consumers throughout the country, including in Michigan.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.   The instant action arises out of Defendant's attempts to collect upon an outstanding automobile debt ("subject debt") for which Plaintiff was the co-signer for his daughter.

9.   In early 2017, Plaintiff began receiving calls from Defendant to his cellular phone, (313) XXX-6413.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6413.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the phone number (800) 321-9637 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon information and belief, the aforementioned phone number ending in 9637 is regularly utilized by Defendant during its debt collection activities.

13. When Plaintiff answers calls from Defendant, he experiences a noticeable pause, lasting several seconds in length, before being connected with a live representative.

14. Upon speaking with Defendant, Plaintiff is informed that it is seeking to collect upon the subject debt for which Plaintiff co-signed on behalf of his daughter.

15. Although Plaintiff acknowledges that he co-signed on the subject debt, he informed Defendant that its collection efforts should be focused on his daughter because his daughter is primarily responsible for the payments, he is not in possession of the car, and he lacks the financial ability to make the payments.

16. Plaintiff further instructed Defendant, on several occasions, to cease calling his cellular phone and instead call his daughter.

17. Despite Plaintiff's numerous demands, Defendant has continued to call his cellular phone up until the filing of the instant action..

18. Defendant has also called Plaintiff's cellular phone multiple times during the same day, on numerous occasions, even after Plaintiff demanded that the calls cease.

19. For example, from June 3, 2017 through June 17, 2017, Defendant placed roughly 3 calls per day to Plaintiff's cellular phone.

20. Plaintiff has received not less than 100 phone calls from Defendant since he demanded that it stop calling.

21. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $69.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

23. Defendant's phone calls have caused Plaintiff a great deal of stress and have been very harassing to him.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, which Plaintiff experiences on

answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

28. Defendant violated the TCPA by placing at least 100 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to Defendant by co-signing the subject debt was specifically revoked by his numerous demands that Defendant cease contacting him.

29. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LARRY BUTTS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

33.  Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

34. The subject debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

### a.  Violations of M.C.L. § 445.252(f)(ii)

35. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

36. Defendant violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b.  Violations of M.C.L. § 445.252(n)

37. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

38. Defendant violated the MCPA when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 100 times after he demanded that it stop. Additionally, Defendant placed multiple phone calls to Plaintiff's cellular phone on the same day on numerous occasions. This repeated behavior of systematically

6

calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

39. Defendant was notified by Plaintiff that its calls were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to him.

### c.  Violations of M.C.L. § 445.252(q)

40. The MCPA, pursuant to M.C.L. § 445.252(q), subjects regulated persons to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

41. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant that its calls were inconvenient and harassing and demanded that they stop. Nevertheless, the calls continued at an incessant rate. Such conduct demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were pervasively unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

42. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that he did not wish to receive any more phone calls. Yet, Plaintiff was still continuously bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding his demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan,

7

further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MCPA.

WHEREFORE, Plaintiff, LARRY BUTTS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 29, 2017                                        Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com